NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HARLEY D., *Appellant*,

*v.*

AMANDA C., L.C., *Appellees*.

No. 1 CA-JV 15-0373
FILED 5-24-2016

Appeal from the Superior Court in Yavapai County
No. P1300SV201500017
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer PC, Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Stephen R. Jones, Attorney at Law, Mesa
By Stephen R. Jones
*Counsel for Appellee Amanda C.*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

---

**G O U L D**, Judge:

¶1        Harley D. ("Father") appeals from the juvenile court's order terminating his parental rights.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Child was born in February 2009.  Father was present for her birth and helped care for Child until he was sentenced to prison in May 2010.   During Father's incarceration, Child's mother, Amanda C. ("Mother") brought Child to the prison for regular visits; this continued until his release in July 2012.  However, once Father was out of custody, he did not actively maintain his relationship with Child.  Despite Mother's encouragement, Father did not regularly visit or call Child, nor did he provide support for Child.

¶3        In September 2013, Father ceased all visitation with Child and stopped responding to texts and phone calls from Mother.  He did not attempt to reestablish his relationship with Child until July 2014, when he was sentenced to prison for aggravated assault with a deadly weapon or dangerous instrument, a class three, dangerous felony.  Father's earliest release date for this offense is October 2018, and his latest release date is February 2019.

¶4        In May 2015, Mother filed a petition to sever Father's parental rights.   In her petition, Mother alleged several grounds for severance, including Father's incarceration. Ariz. Rev. Stat. ("A.R.S.") section 8-533(B)(4).[1]  Before trial, Father pled no contest to severance on the grounds of incarceration, but advised the court he was contesting the allegation that termination was in the best interests of Child.  The court found the plea of no contest was made knowingly, intelligently and voluntarily.

---

[1]        Mother alleged other grounds in her petition; however, these grounds were not addressed at trial.

**¶5** Following trial, the juvenile court granted Mother's petition and terminated Father's parental rights. Father timely appeals.

## DISCUSSION

### I. Statutory Grounds for Severance

**¶6** Father argues Mother failed to prove incarceration as a grounds for severance. Pursuant to A.R.S. § 8-533(B)(4), a person's parental rights can be terminated if:

> the parent is deprived of civil liberties due to the conviction of a felony . . . if the sentence of that parent is of such length that the child will be deprived of a normal home for a period of years.

**¶7** Here, Father pled no contest to severance on the statutory grounds of incarceration. *See* Ariz. R.P. Juv. Ct. 66(D)(1) (stating a parent "may waive the right to trial on the allegations contained in the motion or petition for termination of parental rights by admitting or not contesting the allegations."). Father does not contest the fact he entered the plea knowingly, intelligently and voluntarily, or that the juvenile court made the requisite findings. *See* Ariz. R.P. Juv. Ct. 66 (D)(1)(d), (F)(2) (required findings). Instead, Father argues insufficient evidence supports termination based on incarceration. Thus, our review is confined to whether a factual basis supports the termination of his parental rights. Ariz. R.P. Juv. Ct. Rule 66(D)(1); *Tina T. v. Dep't of Child Safety, B.H.*, 236 Ariz. 295, 298-99, ¶¶ 15-16 (App. 2014).

**¶8** In terminating a parent's rights based on incarceration, "the length of a parent's sentence is not dispositive"; rather, "the juvenile court must consider the many facts and circumstances specific to each case." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 281, ¶ 9 (App. 2002). These factors include:

> (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.

3

*Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251-52, ¶ 29 (2000).

**¶9**        A sufficient factual basis supports Father's plea and the juvenile court's termination order.  The juvenile court found Mother proved by clear and convincing evidence Father was deprived of his civil liberties due a felony conviction.  Father testified he was currently incarcerated for this conviction, and that his earliest release date was October 2018.

**¶10**        The record also shows that Father does not have a strong relationship with Child.  Father has been incarcerated for about half of Child's life, and his current incarceration will continue for a minimum of two more years.  At the time of the severance trial, Father had not participated in visitation with Child for over a year; indeed, he had not seen her in two years.  In addition, a court order is in place preventing Child from physically visiting Father because of the emotional hardship it may cause her.  Before this order can be lifted, Father is required to take a parenting class.  However, Father has not taken the required parenting class to remove this restriction.

**¶11**        Accordingly, we affirm the juvenile court's finding proof to support termination due to incarceration.

## II.    Best Interests

**¶12**        Father also argues the termination of his parental rights is not in Child's best interest.

**¶13**        Before a juvenile court may terminate a parent's rights it must find severance is in the best interests of the child.  A.R.S. § 8-533(B).  Whether severance is in the child's best interests is a question of fact for the juvenile court to determine.  *In re Maricopa Cty. Juvenile Action No. JS–501904*, 180 Ariz. 348, 352 (App. 1994).  We view the evidence, and draw all reasonable inferences from it, "in favor of supporting the findings of the trial court."  *In re Maricopa Cty. Juvenile Action No. J–75482*, 111 Ariz. 588, 591 (1975).  We have held "the best interests of the child . . .  may be established by either showing an affirmative benefit to the child by removal or a detriment to the child by continuing in the relationship."  *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 557 (App. 1997); see also *In re Maricopa Cty. Juvenile Action No. JS–500274*, 167 Ariz. 1, 5 (1990).

**¶14**        Reasonable evidence supports the juvenile court's finding that termination is in Child's best interests.  The record shows Father is an unstable parental figure in Child's life.  He has been in and out of prison for about half of her life, and has not consistently developed and maintained a

stable relationship with her.  The juvenile court found termination would provide Child safety and stability and prevent her from being exposed to the turmoil caused by Father's ongoing cycle of recidivism and imprisonment.  We find no error.

## CONCLUSION

¶15        For the reasons above, we affirm the juvenile court's termination of Father's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: ama